IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES LINDSEY PERRY, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:22-cv-00037-MTT-MSH |
| **UNNAMED DEFENDANTS,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

*Pro se* Plaintiff Charles Lindsey Perry, Jr., an inmate at the Lamar County Jail in Barnesville, Georgia, has filed a complaint that was docketed on December 23, 2021 as a 42 U.S.C. § 1983 in the Northern District of Georgia United States District Court. ECF No. 1. That case was transferred to the Middle District of Georgia on January 18, 2022. ECF Nos. 2 and 3. Plaintiff has not paid the $402.00 filing fee or requested to proceed without prepayment of the filing fee.

Thus, in order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required supporting documentation. If Plaintiff seeks to proceed without prepayment of the filing fee then he is advised that pursuant to 28 U.S.C. § 1915(a)(1)-(2) he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." Without an account statement or similar certified documentation from Plaintiff's place of

incarceration, the court does not have sufficient information to determine whether the Plaintiff will be permitted to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b).

Furthermore, Plaintiff is advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the full filing fee. 28 U.S.C. § 1915(b)(1). *In forma pauperis* prisoner litigants must pay an initial partial filing fee of twenty percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief. Moreover, a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

Accordingly, if Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) remit full payment of $402.00 to the Court or (2) submit a motion for leave to proceed *in forma pauperis*, completed pauper's affidavit, and a certified copy of his prison trust account statement (or institutional equivalent) for the past six months signed by the appropriate jail official.

The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Court's standard *in forma pauperis* application for use by prisoners. Failure to fully and timely comply with this Order will result in the immediate dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)). There shall be no service on any Defendant pending further order of the Court.

**SO ORDERED and DIRECTED**, this 19th day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE